IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-604-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COREY CORNELIU METZ | ) | |
| | ) | |

This matter is before the court upon the defendant's second motion[1] for a reduction in his sentence (ECF No. 2855). Here, the defendant contends that under 18 U.S.C. § 3582(c)(1)(A), he should be released on the grounds of a sentencing disparity between him and his co-defendants. He claims that his co-defendants each received a sentenced based on a 1:1 ratio of crack cocaine to powder cocaine. Finally, the defendant suggests that the three years of incarceration he has served to date satisfies the 18 U.S.C. § 3553(a) factors for a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing.

In a supplemental filing (ECF No. 2901), the defendant contends that the decision of the United States Court of Appeals in *United States v. Jackson*, No. 22-4179, 2023 WL

---

[1] This court denied the defendant's first motion for compassionate release on September 22, 2022 (ECF No. 2743). In this court's order (ECF No. 2814), the court found that the defendant did not present an extraordinary and compelling reason regarding his health ailments to warrant compassionate release. The defendant also claimed that his sentence would be vastly different due to intervening changes in sentencing law, in particular the EQUAL Act. This court found such claim to be without merit as the EQUAL Act was only a Bill pending before Congress. As noted in its order, for the past 15 years, this court has always issued a variance at sentencing for crack cocaine offenders, eliminating the 18 to 1 disparity, disregarding the Guidelines, and sentencing crack and powder cocaine defendants on a 1 to 1 ratio. Thus, even if the court had considered crack cocaine as part of the sentencing formulations in this case, it would have nevertheless had no impact on the defendant's sentence given the court's consistent policy of a variance in such situations.

1

2852624 (4th Cir. April 10, 2023) requires a recalculation of his sentence. He argues that South Carolina's statute criminalizing distribution of crack cocaine (S.C. Code Ann. § 44-53-375(B)) does not qualify as a controlled substance offense under U.S.S.G. § 4B.1.2(b).

The government has responded in opposition, arguing that the positions advanced by the defendant are without merit. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant replied to the government's response (ECF No. 2901).

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is denied.

## STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the

2

Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable.

3

*United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any

4

extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The government concedes that the defendant has exhausted his administrative remedies, thus the court will proceed to decide the motions on the merits.

PROCEDURAL HISTORY

The defendant pleaded guilty to conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851. The evidence produced at the guilty plea colloquy revealed that the defendant

and others engaged in a conspiracy to distribute powder cocaine and crack cocaine in and around the Newberry, South Carolina area. The defendant's role within the conspiracy was the purchase and later distribution of drugs for resale.

In June 2015, the government filed an Information pursuant to 21 U.S.C. § 851 notifying the defendant that he was subject to enhanced penalties by virtue of certain prior convictions on his record (ECF No. 343).

The Presentence Report (PSR) (ECF No.2472) indicated that the defendant's total offense level was 27 and his criminal history category was VI. This would have yielded a sentencing range of 130 to 162 months imprisonment. At sentencing, however, this court sustained an objection lodged by the defendant with regard to the computation of his criminal history category. Specifically, the court agreed that the defendant was not under a criminal justice sentence when he committed the instant offense. This had the effect of lowering his criminal history category to V and the new sentencing Guideline range then became 120 to 150 months. Additionally, as indicated in the Judgment and Commitment entered in this case (ECF No. 2462) sentencing the defendant to 120 months incarceration (the statutory mandatory minimum), the court determined that the cocaine base attributable to the defendant was not applicable. Accordingly, the defendant was held accountable for cocaine powder, not cocaine base. The amount powder cocaine attributable to the defendant was 2,401.77 kilograms of converted drug weight. The defendant did not file a direct appeal of his conviction.

The defendant was sentenced in August 2020 and his estimated release date is March 5, 2028.

## DISCUSSION

The case of *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) authorizes this court to take into consideration intervening changes in sentencing law, even those declared to be non-retroactive, in a compassionate release request. In *McCoy*, the Fourth Circuit Court of Appeals authorized district courts to exercise their discretion to reduce a defendant's sentence when certain compelling factors are present. In *McCoy*, the defendants were all at young age at the time of the commission of their offenses; they all had minor criminal records; and they received severe terms of incarceration pursuant to the then-applicable "stacking" regime of imposing sentences in § 924(g) convictions.

But simply saying that *McCoy* authorizes this court to reduce the defendant's sentence does not necessarily mean that this court is required to do so. In *McCoy*, the Fourth Circuit stressed several important factors that are not present in this case. As noted above, the defendants in *McCoy* were all teenagers or in their early 20s. Here, the defendant was more than 40 years of age at the time of the commission of the crime.

The defendants in *McCoy* had virtually no criminal record. Here, the defendant's criminal record includes the following convictions: 1997 — distribution of crack cocaine, sentenced to 12 years incarceration; 1998 — possession with intent to distribute marijuana, first offense, sentenced to 5 years incarceration; 2004 — distribution of crack cocaine,

second offense, sentenced to 15 years of incarceration suspended upon 7 ½ years of incarceration and 5 years of probation. The defendant's criminal history score was 14 resulting in a criminal history category of VI.

Moreover, in *McCoy*, the "unstacking" of successive § 924(c) mandatory consecutive sentences resulted in a huge disparity in the sentence imposed at the time compared to the sentencing were it to occur at the present. Here, there is a disparity, but not nearly so great as it was in *McCoy*.

On this record, the court determines that the defendant has not demonstrated an extraordinary and compelling reason for compassionate release in terms of the sentencing law change that he relies on. The facts of this case are markedly different from those in *McCoy*.

The defendant's contention that his sentence is widely disparate from that of his co-defendants lacks merit. He first claims that several co-defendants benefitted from this court's traditional practice of issuing a variance and equating crack cocaine on a 1:1 ratio with powder cocaine. It is true that some of the co-defendants received the benefit of such a variance. However, as this court made clear in its previous order (ECF No. 2814), the defendant was not sentenced for his involvement with crack cocaine. Rather, his sentence was imposed based exclusively on the conspiracy related to cocaine powder.

The defendant also points out that two of his co-defendants (Wright and Johnson) were initially sentenced to 19 years and then had their sentences both reduced to 5 years each.

Those sentence reductions were issued by this court pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure based upon those defendants' substantial assistance to the government. Here, the defendant does not argue that he has provided substantial assistance, so any comparison to those co-defendants is unavailing.

Finally, the defendant relies on the unpublished decision of *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2022) which was squarely overruled by a panel of the Fourth Circuit in a published decision. See *United States v. Davis*, No. 20-4433, 2023 WL 4375035 (4th Cir. July 10, 2023)

As this court finds no extraordinary and compelling reason to support his release, it is not necessary for the court to address the § 3553(a) factors.

*Post Sentencing Conduct*

In the concluding paragraph of his motion, the defendant points out that he has a "clean disciplinary record and has completed several programs while incarcerated." As noted previously, rehabilitation alone does not qualify one for compassionate release.

CONCLUSION

For the foregoing reason, this court determines that the defendant has not shown an extraordinary and compelling reason for his immediate release, even after a review under *McCoy*.

The defendant's motion (ECF No. 2855) is respectfully denied.

IT IS SO ORDERED.

July 25, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

9